UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE JIMENEZ, individually and on
behalf of others similarly situated,

                    Plaintiff,      CIVIL CASE NO. 07-14494

v.

                                       HONORABLE STEPHEN J. MURPHY, III

ALLSTATE INDEMNITY COMPANY,

                    Defendant.
_____/

## ORDER OVERRULING OBJECTIONS
## AND ACCEPTING THE REPORT AND RECOMMENDATION

### BACKGROUND

On October 22, 2007, the plaintiff Jose Jiminez initiated this suit against the defendant Allstate on behalf of himself and all others similarly situated. In his complaint, the plaintiff alleged that the defendant committed breach of contract and fraud by calculating and paying out a lesser amount on an insurance policy than what the plaintiff was entitled to under the terms of the contract. On December 4, 2007, the defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation. On July 18, 2008, the magistrate judge issued his Report and Recommendation, recommending that the motion to dismiss be denied. The magistrate judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service. The defendant filed a timely set of objections. For the reasons stated below, the Court overrules the objections in part and sustains the objections in part.

## LEGAL STANDARD

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). In this case, the defendant has filed objections. Accordingly, the Court has conducted a de novo review of the relevant portions of the record.

The defendant has filed a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6). Pursuant to this rule, a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In the complaint, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

ANALYSIS

1.  Breach of Contract

In his Report and Recommendation, the magistrate judge found that the defendant's motion to dismiss for failure to state a claim for breach of contract should be denied because there was an ambiguity in the interpretation of a critical contract term, namely the term "actual cash value" or "ACV." The defendant objected, arguing that there is no ambiguity in the insurance contract since covered losses would be settled on the basis of the ACV and that the broad evidence rule permits the defendant to use market value in order to calculate the ACV.

The Court finds that the defendant's objections are without merit. Though there is no dispute that the contract requires that losses be settled on the basis of the ACV, there is a dispute regarding the interpretation of ACV: the defendant contends that it can be calculated by using the market value, while the plaintiff contends that it can be calculated by using the cost of repair or replacement minus depreciation. A difference in how ACV is calculated using these two methods can lead to significantly different amounts recovered under the insurance policy. The contract language does not explicitly specify how the ACV is to be calculated. The contract language, however, does implicitly contemplate the possibility that the AVC could be calculated by the plaintiff's method, the cost of repair or replacement minus depreciation, because whenever the ACV is discussed in the contract, the language mentions the possibility of a depreciation deduction. A depreciation deduction is not necessary when using market value to calculate the ACV, but it is obviously necessary in a calculation involving the cost of repair or replacement minus depreciation. Consequently, the contract language is ambiguous as to how the ACV is calculated.  *See*

3

*Farm Bureau Mut. Ins. Co. v. Blood*, 583 N.W.2d 476, 478 (Mich. Ct. App. 1998) ("An insurance contract is ambiguous if, after reading the entire contract, its language reasonably can be understood in differing ways."). Ambiguous language should be construed against the insurer who drafted the language. *Wilkie v. Auto-Owners Ins. Co.*, 664 N.W.2d 776, 788 (Mich. 2003).

In support of its position, the defendant cites the broad evidence rule, which states that any evidence tending to the formation of a correct estimation of the value of damaged property, including evidence of market value, can be used by the trier of fact in determining the ACV. *Davis v. National American Ins. Co.*, 259 N.W.2d 433, 438 (Mich. Ct. App. 1977). The defendant's reliance on the broad evidence rule is misplaced. The broad evidence rule is not relevant in considering the language of the insurance contract and determining what the parties agreed to with regard to calculating the ACV. Here, the Court finds that the contract language is ambiguous as to the interpretation of the term "actual cash value." Accordingly, the plaintiff has alleged enough facts to state a plausible claim of relief and to defeat a motion to dismiss. *Bell Atlantic Corp.*, 550 U.S. at 570.

2. Fraud

In his Report and Recommendation, the magistrate judge determined that the plaintiff's fraud claim should survive the motion to dismiss. The defendant argues in its objections that the plaintiff has failed to identify any representation by the defendant, other than the plain language of the contract, which would support a claim for fraud. The Court finds that the defendant's objections are merited.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "In complying with Rule 9(b), a plaintiff,

4

at a minimum, must allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 (6th Cir. 2005). In his complaint, the only misrepresentation that the plaintiff identifies with the requisite particularity is the language of the contract on actual cash value. Besides this language of the contract, the plaintiff has not identified with particularity any other material misrepresentation made by the defendant. A promissory statement to do a particular act in the future is by nature contractual and not fraud. *See Hi-Way Motor Co. v. International Harvester Co.*, 229 N.W.2d 456, 459 (Mich. Ct. App. 1975).

Moreover, contrary to the plaintiff's argument, the Court has reviewed the plaintiff's complaint and finds that there are insufficient allegations to support a claim of fraud in the inducement or the "bad faith" exception. Since the plaintiff has failed to identify the circumstances of fraud with particularity other than the disputed language of the insurance contract, the defendant's objections to this portion of the Report and Recommendation are sustained.

3.  Declaratory Judgment and Class Action

The defendant objected to the magistrate judge's determination that the plaintiff's claims for a declaratory judgment and a class action could proceed. Since the plaintiff's breach of contract claim survives the defendant's motion to dismiss, the plaintiff's declaratory judgment and class action claims remain viable. The defendant's objections are thus without merit.

4.  Unjust Enrichment

The magistrate judge and the parties all agree that the plaintiff's claim of unjust

enrichment should be dismissed.  Accordingly, the Court accepts this portion of the Report and Recommendation and dismisses the unjust enrichment claim.

5.  Appraisal

As an alternative to dismissing this case, the defendant argues that the Court should stay the case and compel an appraisal.  The defendant objects to the magistrate judge's determination that an appraisal at this time would be premature and unmerited.

The Court finds that the magistrate judge's reasoning on this issue is sound and correct.  Here, the parties disagree on the interpretation of the contract with regard to the phrase "actual cash value."  This is a preliminary matter that must be resolved before an appraisal can occur.  *See Auto-Owners Ins. Co. v. Kwaiser*, 476 N.W.2d 467, 469-70 (Mich. Ct. App. 1991).  Therefore, the defendant's objections on this issue are overruled.

## CONCLUSION

Accordingly, after having reviewed the magistrate judge's Report and Recommendation, the defendant's objections, and the applicable portions of the record,

**IT IS HEREBY ORDERED** that the defendant's objections [docket entry #21] to the Report and Recommendation are **OVERRULED IN PART and SUSTAINED IN PART**.  In particular, the objections are overruled with respect to the breach of contract claim, the declaratory judgment claim, the class action claims, and the appraisal issue.  The objections are sustained with respect to the fraud claim.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #18] is **ACCEPTED and ADOPTED IN PART** as the opinion of this Court, in a manner not inconsistent with this Order.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss [docket entry #5] is **GRANTED IN PART and DENIED IN PART**.  The plaintiff's claims of fraud and unjust enrichment are **DISMISSED**.  Remaining before this Court are the plaintiff's breach of contract claim, declaratory judgment claim, and class action claims.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated:  February 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager