UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE JIMENEZ,

        Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY,

        Defendant.

_____/

Case No. 07-cv-14494

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO LIMIT THE SCOPE OF
CLASS** (docket no. 54)**, AND DENYING PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S MOTION TO LIMIT THE SCOPE OF CLASS** (docket no. 55)

In this proposed class action, Plaintiff Jose Jimenez alleges that Defendant Allstate Indemnity Company ("Allstate") breached its insurance contract when it calculated the value of Jimenez's claim using the market value of his property rather than using the replacement value less depreciation, capped at the policy's limit. Jimenez's class certification motion is not due until November 29, 2010, but Allstate, apparently faced with overly broad discovery requests, has moved preemptively to limit the scope of any class later certified. Allstate contends that any class should be limited to a) Michigan policyholders with 2) dates of loss on or after October 22, 2006, exactly one year before the complaint was filed. Jimenez moves to strike Allstate's motion on grounds that it is a preemptive attempt to limit the scope of any class certified, and therefore procedurally improper. For the following reasons, the Court will deny Jimenez's motion, and grant in part and deny in part Allstate's motion.

**BACKGROUND**

Allstate issued Jimenez a Landlord Package Policy ("Policy") covering his income property located in Detroit, Michigan. Compl. ¶ 7. The property was damaged by fire, and

Jimenez later submitted a claim against the Policy. *Id.* ¶ 20. Allstate paid the claim in the amount of $48,000, the appraisal value of the property before it was destroyed, despite the fact that the cost to replace or repair the property exceeded the policy's limit of $150,000. *Id.* ¶ 23.

The Policy provides that the insured property is covered on an "actual cash value" ("ACV") basis. *Id.* ¶ 11. "Actual cash value" is not defined in the Policy. Jimenez claims that Allstate breached the Policy by "substituting 'actual cash value' with 'market value' and paying the lesser of: a) the amount necessary to repair the covered property less depreciation; b) the covered property's market value, or; c) the limit of liability as shown on the Policy Declarations," instead of the lesser of: 1) the amount necessary to repair or replace the covered property, less depreciation; or 2) the Policy limit. *Id.* ¶ 18. The complaint further alleges that "actual cash value" is different than "market value" or "market price." *Id.* ¶ 13. "Actual cash value," Jimenez alleges, is linked to the estimated cost to rebuild the property, with a deduction for depreciation. Market value, by contrast, is the amount a reasonable person would be willing to pay for the purchase of the covered property, and is not linked to the actual cost of rebuilding the property. *Id.* The Court has already determined the term "actual cash value," as used in the Policy, is ambiguous, and that Jimenez has stated a plausible claim for relief. Order of February 23, 2009, at 4 (docket no. 27).

The Policy also contains a forum selection clause:

**Where Lawsuits May Be Brought**
Subject to the following two paragraphs, any and all lawsuits in any way related to this policy, *shall be brought, heard and decided only in a state or federal court located in the state in which the residence premises is located.* Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy, or otherwise related to this policy, shall be brought, heard and decided only in a state or

federal court located in the state in which the residence premises is located, provided that such persons are subject to or consent to suit in the courts specified in this paragraph.

Policy (docket no. 1, at 37 of 50)[1] (emphasis added).  Allstate asserts that policies issued in states outside Michigan contain the same or a materially similar forum selection clause, and require that any lawsuit related to the policy be brought in the state where the residence premises is located or in the state where the policy was issued.  Decl. of Todd Goldman ¶ 4 (docket no. 54, ex. B).  Jimenez does not dispute this uniformity in the policies.

Additionally, the Policy also contains a choice of law provision:

**What Law Will Apply**
This policy is issued in accordance with the laws of the state in which the residence premises is located and covers property or risks principally located in that state.  Subject to the following paragraph, the laws of the state in which the residence premises is located shall govern any and all claims or disputes in any way related to this policy.

Policy (docket no. 1, at 37 of 50).  Allstate asserts that persons whose policies were issued outside of Michigan for properties located in other states contain a materially similar clause mandating that the law of the state in which the covered property is located will govern in actions on the policies.  Decl. of Todd Goldman ¶ 6 (docket no. 54, ex. B).  Again, Jimenez does not dispute this uniformity.

Finally, the Michigan Policy contains a one-year limitations period:

**Action Against Us**
No suit or action may be brought against us unless there has been full compliance with all policy terms.  Any suit or action must be brought within one year after the date of loss.  In the event we formally deny liability, the time for commencing a suit or action is tolled from the time you notify us of the loss until we formally deny liability.

---

[1] Citations herein to the Policy are based on the Policy's pagination in CM/ECF.

Policy Endorsement (docket no. 1, Document Continuation, at 14 of 21).

## DISCUSSION

Allstate has moved to limit the scope of any future class to Michigan policyholders with dates of loss on or after October 22, 2006, one year prior to the filing of this lawsuit. Jimenez moves to strike this motion.

I. Jimenez's Motion to Strike Allstate's Motion

Jimenez argues that Allstate's motion to limit the scope of any certifiable class is a premature attempt to oppose class certification, which Jimenez need not attempt until November 29, 2010. He asks the Court to strike the motion and consider Allstate's arguments – to the extent they are re-raised – during the class certification phase after a complete factual record has been created.

The Court will deny Jimenez's motion. Allstate's motion is not procedurally improper. Allstate seeks only to limit the limit the scope of any potential class based on grounds that are undisputed. Rule 23 of the Federal Rules of Civil Procedure requires that "at an early practicable time" after suit has been filed, the court must determine whether the action is maintainable as a class action. Fed. R. Civ. P. 23(c)(1)(A). Although courts generally defer decision on class certification until discovery on the certification issues has ended, the record is complete, and the plaintiff has moved for class certification, nothing in Rule 23 prevents a defendant from attempting to preemptively deny certification on the grounds that the prerequisites of Rule 23(a) and (b) can never be satisfied. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2007) ("The plain language of Rule 23(c)(1)(A) alone defeats Plaintiffs' argument that there is some sort of '*per se* rule' that precludes defense motions to deny certification, and Plaintiffs have produced no authority to the contrary."); *Fedotov v. Peter T. Roach & Assocs., P.C.*, 354 F. Supp. 2d 471, 478

(S.D.N.Y. 2005) (" 'The defendant need not wait for the plaintiff to act, however. The defendant may move for an order denying class certification.' " (quoting 5-23 Moore's Federal Practice 3d § 23.82)); *Bryant v. Food-Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991).

Allstate is permitted to raise certification issues at this stage in the litigation. Allstate's motion is not procedurally improper. Jimenez's motion will be denied.[2]

## II. Allstate's Motion to Limit the Scope of any Certified Class

As stated above, Allstate seeks to preemptively preclude certification of any multi-state class and limit the class to holders of Allstate landlord policies covering property located in Michigan with dates of loss on or after October 22, 2006.

### A. Legal Standard

When a defendant moves to strike class action allegations on the basis that class certification is precluded as a matter of law, the defendant bears the burden of establishing that the plaintiff will be unable to demonstrate facts supporting certification, even after

---

[2] Allstate repeatedly contends that its relief is grounded solely in subdivision (d)(1)(D) of Rule 23, which provides that a court may issue orders striking the class allegations. Subdivision (d)(1)(D), however, is procedurally inseparable from subdivision (a)(1)(A), which simply governs the time at which a court should consider certification. *See Korman v. Walking Co.*, 503 F. Supp. 2d 755, 762 (E.D. Pa. 2007) ("A motion to strike class allegations under [Rule 23(d)(1)(D)] seems, for all practical purposes, identical to an opposition to a motion for class certification."); Wright, Miller & Kane, 7B Federal Practice and Procedure § 1795, at 40 (3d ed. 2005) ("Subdivision [(d)(1)(D) is procedurally inseparable from subdivision (c)(1)(A) . . . "). Subdivision (d)(1)(D) is simply the procedural mechanism for striking class allegations from the complaint once the court determines a class is not maintainable using the standards found in subdivisions (a) and (b) of Rule 23. *See Korman*, 503 F. Supp. 2d at 762. Contrary to Allstate's assertions, subdivision (d)(1)(D) does not provide an avenue for defeating class certification separate and apart from consideration of the requirements in subdivisions (a) and (b). Accordingly, Allstate's statement in its brief responding to Jimenez's motion that "Plaintiff's entire line of argument about Rule 23(a)-(b) is utterly irrelevant[,]" docket no. 56, at 2, is wrong. If the Court ultimately decides that no class is maintainable, only then will the Court utilize the authority provided in subdivision (d)(1)(D) and issue an order striking the class allegations.

discovery and the creation of a full factual record. *See Bryant*, 774 F. Supp. at 1495.

When the defendant challenges class certification based solely on the allegations in the

complaint, the standard is the same as that applied in deciding a motion to dismiss under

Rule 12(b)(6). *Id.*; *Bessette v. Avco Fin. Servs.*, Inc., 279 B.R. 442, 450 (D.R.I. 2002).

Generally, then, the opposing party has the burden of "demonstrating from the face of [the

plaintiff's] complaint that it will be impossible to certify the classes alleged by the plaintiff[

] regardless of the facts the plaintiff[ ] may be able to prove." *Bryant*, 774 F. Supp. at 1495.

The parties have engaged in some discovery, and Allstate relies on documents outside the

pleadings. Since Jimenez does not dispute the relevance or authenticity of these

documents, the Court will consider them.

The substantive analysis is the same regardless of which party raises the certification

issue: the analysis must begin and end with a "rigorous analysis" into whether the

prerequisites of Rule 23 are met. *See, e.g.*, *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668,

674 (D. Kan. 2004); *Thomas v. Moore USA, Inc.*, 194 F.R.D. 595, 597 (S.D. Ohio 1999).

If the plaintiff will be unable to establish just one of prerequisites listed in subdivisions (a)

and (b), the class allegations must be stricken.

Rule 23(a) identifies four threshold requirements for class certification colloquially

known as numerosity, commonality, typicality, and adequacy of representation. Fed. R.

Civ. P. 23(a); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (describing Rule

23(a) requirements as "threshold"). In addition to satisfying the prerequisites of Rule 23(a),

the action must be maintainable under Rule 23(b)(1), (2) or (3). *Amchem*, 521 U.S. at 613.

Jimenez seeks certification under subdivision (b)(3), so the Court must find that common

issues of law or fact predominate, and that a class action is superior to other methods of

adjudication. Fed. R. Civ. P. 23(b)(3).

Allstate argues that any potential certifiable class should be limited in two ways. It argues first that any class should be limited to Michigan policyholders. It contends that the forum selection clause applicable to all landlord policies prevents non-Michigan policyholders from joining in this action. Additionally, Allstate contends, differences in state law would make the action unmanageable, thereby providing another reason to limit the scope of any class to Michigan policyholders. Allstate argues second that the Michigan class should be limited to those Michigan policyholders with dates of loss on or after October 22, 2006. It contends that the claims of Michigan policyholders with dates of loss before then are barred by the Policy's limitation period.

B. Geographical Scope of Class

The Court finds Allstate's forum selection clause argument persuasive in theory. It certainly makes sense to enforce the forum selection clauses and require policyholders to bring suit in the state in which the residence premises is located. Unfortunately, Allstate does not address any of the Rule 23 prerequisites in its papers, leaving the Court unable to determine exactly how the forum selection clause argument fits into the Rule 23 analysis and makes certification improvident. Does the forum selection clause render the claims of non-Michigan policyholders atypical of those of the Michigan policyholders? *See* Fed. R. Civ. P. 23(a)(3) (typicality). Does the clause render Jimenez inadequate to represent non-Michigan policyholders? *See* Fed. R. Civ. P. 23(a)(4) (adequacy of representation). Is Allstate's potential defense under the forum selection clause a common question of law that predominates over the otherwise common claims of a nationwide class? *See* Fed. R. Civ. P. 23(b)(3) (predominance); *see also Langley v. Prudential Mortg. Capital Co.*, 546 F.3d 365, 369 (6th Cir. 2008) (per curiam) ("Defendant has not yet moved for enforcement of the [forum selection] clause through *either* a motion to transfer venue under 28 U.S.C. §

1404(a) *or* a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." (emphases added)); *id.* (Moore, J., concurring) ("When a party seeks to enforce a forum-selection clause through a properly brought motion to dismiss, the district court may enforce the forum-selection clause through dismissal [under Rule 12(b)(6)]." (citing *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 371, 374-76 (6th Cir. 1999))).  These are the types of questions that must be addressed before the Court can determine the geographical scope of any future class.  Perhaps Allstate will raise the arguments implied in these questions should it oppose Jimenez's anticipated motion for class certification.

Perhaps because it recognizes the lack of any Rule 23 analysis in its forum selection clause argument, Allstate argues also that there are material differences among the laws of the 50 states with respect to contract interpretation and the determination of actual cash value, all of which preclude a nationwide class.  For example, Allstate contends, there are some states that apply the Broad Evidence Rule for determining actual cash value, some that do not, and some that have other very specific laws regarding the settlement of insurance claims.  Allstate also states that the states follow different approaches to contract interpretation.  Allstate then cites the Sixth Circuit's decision in *In re Am. Med. Sys., Inc.*, for the proposition that "If more than a few of the laws of the fifty states differ, the district judge would face an impossible task of instructing a jury on the relevant law, yet another reason why class certification would not be the appropriate course of action."  75 F.3d 1069, 1085 (6th Cir. 1996).  This argument raises concerns regarding lack of commonality under subdivision (a)(2).  Citing relevant cases, Allstate also argues that even slight variations and nuances in the applicable state law may affect predominance and manageability under subdivision (b)(3).  Finally, Allstate contends that many courts have refused to grant certification of multi-state class actions, such as this one, where the laws

of multiple states must be applied, because they find that such application renders any class unmanageable.

In response, Jimenez states that to determine whether differences in state law preclude a nationwide class, the Court must undertake a more detailed choice of law analysis. Jimenez recognizes that material differences may exist among the states with respect contract interpretation, but contends that Allstate has hardly demonstrated that the differences make managing a nationwide class impossible. The Court agrees, and will wait for the class certification phase at which point Jimenez must demonstrate that choice of law issues do not render certification improper.

Jimenez also states that insofar as Allstate argues that differences in state law regarding the use of the Broad Evidence Rule to determine actual cash value renders a nationwide class impossible, the argument misses the mark. The Court agrees. The core issue in this case is the intent of the parties when they entered into the insurance contract. Did the parties agree that market value may be considered when settling insurance claims, or did they agree that Allstate must use replacement cost, less depreciation in paying claims? The Court has already determined, in the context of deciding Allstate's initial motion to dismiss, that the relevant policy language is ambiguous. As the Court stated in its order, "The broad evidence rule is not relevant in considering the language of the insurance contract and determining what the parties agreed to with regard to calculating the ACV." Opinion and Order of Feb. 23, 2009, at 4.

Moreover, as Jimenez points out, courts have certified nationwide classes in insurance disputes involving the interpretation of actual cash value, and have concluded that differences in state law regarding its determination does not defeat certification. *See,*

*e.g.*, *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 74 (E.D.N.Y. 2004). The district court in *Steinberg* noted:

> Adjudication of the plaintiff's claim will require the Court to interpret key terms, such as "deductible," "*actual cash value*," and "loss," as they appear in each of Nationwide's automobile insurance policies. Because these key terms, their definitions, and other pertinent contractual provisions are substantively similar, if not identical, in all of Nationwide's automobile insurance contracts, such contracts can be considered uniform or "form contracts" for the purposes of this litigation. The Court notes that "in light of Rule 23, claims arising from interpretations of a form contract appear to present the classic case for treatment as a class action, and breach of contract cases are routinely certified as such."

224 F.R.D. at 74 (emphasis added). That the decision was later vacated for lack of subject matter jurisdiction does not also vacated its persuasiveness. Allstate has failed to demonstrate that any differences in state law would render a nationwide class impossible. Allstate may raise its arguments again at the class certification stage.

C. Temporal Scope of Class

Allstate also contends that any class should be limited to Michigan policyholders with dates of loss on or after October 22, 2006, one year before this lawsuit was filed. Claims for losses that occurred before that period, Allstate asserts, are time-barred by the Policy's provisions.[3] The Policy states:

**Action Against Us**
No suit or action may be brought against us unless there has been full compliance with all policy terms. Any suit or action must be brought within one year after the date of loss. In the event we formally deny liability, the time for commencing a suit or action is tolled from the time you notify us of the loss until we formally deny liability.

---

[3] Jimenez argues that Allstate cannot raise this argument because it failed to plead the statute of limitations as an affirmative defense. This argument lacks merit as Allstate did plead, as its third defense, that Jimenez's claims are barred by provisions of the Policy, of which the one-year limitations provision is one. Answer, Third Defense (docket no. 28).

Policy Endorsement (docket no. 1, Document Continuation, at 14 of 21). There is no evidence before the Court, nor does Allstate contend, that this clause or a materially similar one is present in landlord package policies nationwide. Accordingly, Allstate's argument applies only to those potential class members with Michigan policies. Neither party asserts that Michigan's six-year statute of limitations for breach of contract applies to Jimenez's claims.

Allstate's argument has merit. Under the Policy's clear terms, policyholders must submit claims within one year of their loss. The one-year period is tolled from the time the policyholder notifies Allstate of the loss and the time Allstate formally denies liability. The tolling provision is specific and unambiguous – it only applies "*in the event we formally deny liability.*" *Id.* Allstate has not denied liability on Jimenez's claim; it *admits* liability. Jimenez's claim in this lawsuit is that Allstate paid too little on the claim, not that it denied liability. The same is true for the proposed class. Compl. ¶ 55 (proposed class definition includes policyholders whose claims were paid, but at too low an amount). As there has been no formal denial of liability, the tolling provision simply does not apply. Consequently, the general, one-year rule does apply. Losses occurring before that time are barred by the Policy's provisions. *See also Rory v. Continental Ins. Co.*, 473 Mich. 457, 470 (2005) (unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy).

Jimenez argues that this reading of the limitations provision clause is frivolous, and urges the Court to interpret the limitations clause differently. Under Jimenez's reading, because there was no formal denial of liability, the *entire limitations clause* – and not just the tolling provision – is inapplicable in this action. Pl. Br. at 19 (docket no. 59). The Court finds no support for this interpretation. The provision begins with the general rule that "*any*

suit or action," which would logically include one for underpayment, must be brought within one year after the date of loss.  There is an exception to the rule contingent upon Allstate formally denying liability.  But, if Allstate does not deny liability, the tolling provision does not apply and the general, one-year rule governs.  It makes little sense to conclude that a general rule would not apply if the rule's exception does not apply.

The Court inquired at the hearing on the motion whether the Court should interpret "formally deny[ing] liability" to include underpaying a claim.  Counsel for both sides strongly objected to the Court's proposed interpretation.  The Court hesitates to strike out on its own and adopt this interpretation when neither side agrees with it.

Allstate has the more persuasive argument on the limitations issue, and the Court will grant its request to limit the class in this respect.  Allstate does not state that the one-year provision is present in non-Michigan policies.  Accordingly, only the claims by Michigan policyholders will be limited.  In the event that any class is certified in this action, the class shall exclude Michigan policyholders with dates of loss prior to October 22, 2006.[4]

**WHEREFORE** it is hereby **ORDERED** that Allstate's Motion to Limit Scope of Class (docket no. 54) is **GRANTED IN PART AND DENIED IN PART.**  Any class eventually certified in this action shall exclude persons with landlord package policies covering residences located in Michigan with dates of loss before October 22, 2006.

**IT IS FURTHER ORDERED** that Jimenez's Motion to Strike Allstate's Motion to Limit Scope of Class (docket no. 55) is **DENIED**.

**SO ORDERED.**

---

[4]Allstate contends that Jimenez's loss itself occurred prior to October 22, 2006, and states that once it has proof, it will move for summary judgment on Jimenez's claims. Allstate has not yet moved for summary judgment.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 15, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager