UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE JIMENEZ,

    Plaintiff,                 Case No. 07-cv-14494

v.                               HONORABLE STEPHEN J. MURPHY, III

ALLSTATE INDEMNITY COMPANY,

    Defendant.
                                          /

**ORDER ADJOURNING DEADLINE FOR PLAINTIFF TO FILE MOTION
FOR CLASS CERTIFICATION AND ORDER SUPPLEMENTAL BRIEFING**

    This is a purported class action in which plaintiff Jose Jimenez alleges he was underpaid on his insurance claim. Before the Court are Jimenez's motion for reconsideration and defendant Allstate Indemnity Company's ("Allstate") motion for judgment on the pleadings. In addition, Jimenez's motion for class certification is due November 29, 2010. The Court will adjourn the deadline for Jimenez's class certification motion until the Court resolves the pending motions, which require supplemental briefing.

    It is not clear at this juncture whether Jimenez's claim is barred by the limitations provision in the policy, or whether the one-year limitations period remains tolled. If his claim is barred, the complaint will be dismissed and no class may be maintained. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *Meyers v. ABN Amro Mortg. Group, Inc.*, No. 05-70453, 2005 WL 2396991, at *2 (E.D. Mich. Sept. 28, 2005) (dismissing plaintiff's claim as time-barred, notwithstanding the fact that claims of potential class members might not be barred). To avoid consuming judicial resources on an issue that, in the end, might not even matter (whether the claims of potential class members with dates of loss prior to October 22, 2006 are barred), the Court will first decide whether Jimenez, as the named

plaintiff, has a valid claim.  If he does not, his claim goes away, and the motion to reconsider will be moot.

In order to determine whether Jimenez has a valid claim, the Court must know the details of Allstate's adjudication of his claim.  Specifically, the Court must determine whether Allstate has ever "formally denie[d] liability" in this case when it decided to only pay him $48,000.  Mich. Comp. Laws § 500.2833(1)(q).  The parties both contend that Allstate has never formally denied liability in this case, but the Court is not confident that this is the case, and believes the parties are taking too narrow of a view of the phrase "formal denial of liability."  The Court suggested at the hearing on Allstate's motion to strike that a formal denial of liability might encompass an alleged underpayment on a claim, but both parties disagreed with this for reasons that are not clear to the Court.  The Court has learned from it own research, however, that a formal denial of liability encompasses more than just a denial of *coverage*, and includes an alleged underpayment of a claim.

*Bourke v. N. River Ins. Co.*, 117 Mich. App. 461 (1982) (per curiam) illustrates the foregoing principle.  There, defendant North River Insurance Company offered $550 (pre-deductible) to satisfy the plaintiff's claim on the policy.  *Id.* at 463.  The plaintiff thought his insurance claim was worth at least $45,000, and successfully sued North River for underpayment approximately three years after the loss.  *Id.* at 469.  North River argued on appeal that the plaintiff's claim was barred because it was brought outside the one-year provision for filing suit.  The court of appeals disagreed, and found that North River never issued a formal denial of liability, so the one-year period remained tolled at the time North River was sued, three years later.  *Id.* at 470.  In so doing, the court distinguished the dismissal on timing grounds of the plaintiff's claim for underpayment against co-defendant Travelers Insurance Company.  *Id.*  It found that unlike North River, Travelers had formally

2

denied liability by sending a written letter to the plaintiff that explained, in definite and explicit terms, that it would not increase its offer or submit the claim to arbitration, and that the plaintiff's only further remedy was a lawsuit. *Id.* at 469. Presumably, had North River been express in its decision not to increase it offer, as Travelers was, the plaintiff's action against North River would have been barred, even though North River allegedly underpaid the claim. This case demonstrates that a denial of liability can include an alleged *underpayment* of a claim, and that the phrase is not limited to a denial of *coverage*.

The question at the heart of this case at the present time is whether Allstate formally denied liability. This inquiry is fact-driven. The Court must determine whether any notice given to Jimenez regarding his claim was more like that given by North River or that given by Travelers in the *Bourke* case. If the notice was more like Travelers' in *Bourke*, and constitutes a formal denial of liability, the Court must know the time of that denial to determine whether the remainder of the one-year period had run before the present lawsuit was filed.

Once the Court has before it the specifics of Allstate's adjudication of Jimenez's claim, it can then determine whether Jimenez's claim is barred.[1] If the claim is barred, the Court invites Allstate to convert its motion for judgment on the pleadings to a motion for summary judgment so that it might take into account matters outside the pleadings. Discovery ended in this case on November 8, 2010, so the record should be complete and the issue ripe for adjudication.

---

[1] While the parties disagree on whether Allstate's limitations provision complies with Mich. Comp. Laws § 500.2833(1)(q), the Court will not decide the issue at this time. But because Allstate maintains its provision complies with the statute, and any conflicting provision would be void, the Court will simply apply the mandatory statutory provision when determining whether Jimenez's claim is barred.

**WHEREFORE**, it is hereby **ORDERED** that the current deadline for Jimenez to file his motion for class certification (November 29, 2010) is **ADJOURNED.**

**IT IS FURTHER ORDERED** that the parties shall submit further briefing as follows:

- Within 14 days from the date of this order, Allstate shall submit briefing on the impact of *Bourke v. N. River Ins. Co.*, 117 Mich. App. 461 (1982) on this case, and shall include its arguments as to why Jimenez's claim is barred by Mich. Comp. Laws § 500.2833(1)(q). If Allstate believes it is entitled to summary judgment on timing grounds, it should file a motion for summary judgment along with its briefing.

- Jimenez shall file a response brief within 14 days after Allstate files its opening brief, addressing the impact of *Bourke* on this case and its argument as to why his claim is not barred by Mich. Comp. Laws § 500.2833(1)(q).

- Allstate may file a reply brief within seven days after Jimenez files his response brief.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 24, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 24, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

4